UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SHARON CHENEVERT,

    CASE NO.:

    Plaintiff,

v.    **JURY TRIAL DEMANDED**

CONTINENTAL FINANCE
COMPANY, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Sharon Chenevert ("Plaintiff"), by and through her undersigned counsel, files suit against Continental Finance Company, LLC. ("Defendant"), and states as follows:

## NATURE OF ACTION

1.    Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

## JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq*.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Southern District of Florida. Plaintiff suffered the injuries in Broward County, Florida.

1

## PARTIES

4. Plaintiff, Sharon Chenevert, is a natural person who resides in Broward County, Florida. Plaintiff is a "person" under 47 U.S.C. § 227.

5. Defendant, Continental Finance Company, LLC, is incorporated in Delaware, does business in the State of Florida and is a "person" under 47 U.S.C. § 227.

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## BACKGROUND

8. Beginning approximately in September 2013, Plaintiff began to receive multiple telephone calls from Defendant to her cell phone in an attempt to collect a debt (the "Alleged Debt").

9. Defendant is the servicer of a personal credit card used by Plaintiff to buy personal and household items. The Alleged Debt was a transaction primarily for personal and household purposes; therefore, the Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

10. During August 2015 and September 2015, Ms. Chenevert repeatedly told Defendant to stop calling. Ms. Chenevert also told Defendant that Defendant was harassing her,

informed Defendant that she was in and out of the hospital due to illness, and that she was unable to pay the Alleged Debt.

11. Despite Plaintiff's repeated cease and desist requests, notice of her illness, notice of her inability to pay the Alleged Debt, and despite the fact she felt harassed by Defendant, Defendant continued to call Plaintiff's cell phone at a frequency of one to three times a day, two days each week until July 2015.

12. Defendant placed calls to Plaintiff's cell phone using an automated telephone dialing system without Plaintiff's express consent as Plaintiff noticed beeps and pauses before Defendant spoke, Defendant utilized pre-recorded voice messages when Plaintiff answered a call from Defendant, and Defendant left pre-recorded automatic voice messages when Plaintiff did not answer Defendant's call.

13. As detailed below, Defendant's conduct constitutes a violation of the TCPA.

## COUNT I

## VIOLATIONS OF THE TCPA BY CONTINENTAL FINANCE COMPANY, LLC

14. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

15. Plaintiff re-alleges and reincorporates paragraphs 1 through 13, as if fully set forth herein.

16. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

17. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States –

3

>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --
>
>> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

18. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

19. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

20. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

21. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

22. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant: (1) finding that Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated:  December 20, 2017              Respectfully Submitted,

                                    **CENTRONE & SHRADER, PLLC**
                                    612 W. Bay St.
                                    Tampa, Florida 33606
                                    Phone:  (813) 360-1529
                                    Fax:     (813) 336-0832

                                    /s/ Gus. M. Centrone, Esq.
                                    **BRIAN L. SHRADER, ESQ.**
                                    Florida Bar No. 57251
                                    e-mail: bshrader@centroneshrader.com
                                    **GUS M. CENTRONE, ESQ.**
                                    Florida Bar No. 30151
                                    e-mail: gcentrone@centroneshrader.com
                                    **ALEXANDER D. LICZNERSKI, ESQ.**
                                    Florida Bar No. 123873
                                    email: alicznerski@centroneshrader.com
                                    Attorneys for Plaintiff